SEND

FILED
CLERK, U.S. DISTRICT COURT
MAY 24 1999
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

SILVER SAGE PARTNERS, LTD., a California limited partnership; ROBERT E. FILLET, PAUL SABEN, RICHARD L. EARLIX, general partners and individually; and MICHAEL S. LINSK, individually,

Plaintiffs,

v.

CITY OF DESERT HOT SPRINGS; CITY COUNCIL FOR THE CITY OF DESERT HOT SPRINGS; JOHN ISAACS, Mayor; AL SMITH, DANIEL BEEN, MIKE SEGRIST and SUE WOOD, as individuals; and DOES 1 through 1000, inclusive,

Defendants.

No. CV 91-6804 CBM

ORDER: GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION OF DENIAL OF ATTORNEY'S FEES

The matter before this Court, the Honorable Consuelo B. Marshall, United States District Judge presiding, is plaintiffs Silver Sage Partners, Inc., Robert E. Fillet, Paul Saben, Richard L. Earlix, and Michael S. Linsk's Motion for Reconsideration of this Court's April 11, 1995 Order denying Plaintiffs motion for attorney's fees.

**BACKGROUND AND PROCEDURAL HISTORY**

Silver Sage Partners, Ltd. ("Silver Sage") is a partnership organized to develop commercial housing projects. On December 13, 1991, Silver Sage and individual partners



MAY 26 1999
ENTERED ON ICMS

610

(collectively "Plaintiffs") filed a complaint against defendants City of Desert Hot Springs (the "City"), the City Council for the City of Desert Hot Springs, and numerous individuals in their official and individual capacities ("Defendants"). Plaintiffs alleged federal causes of action pursuant to the Fair Housing Act, 42 U.S.C. § 3601, et seq., and the Civil Rights Act, 42 U.S.C. § 1983, and various state law claims. Plaintiffs sought injunctive relief in addition to compensatory and punitive damages. Plaintiffs' state law claims were dismissed on February 27, 1992. Plaintiffs' § 1983 due process claims were summarily adjudicated in Defendants' favor on September 27, 1993. By the time this case went to trial in June, 1994, all individual defendants had been dismissed or summarily adjudicated, leaving the City as the only remaining defendant. Plaintiffs only remaining claim was for compensatory and punitive damages for violation of the Fair Housing Act.

Following trial in June, 1994, the jury found the City liable for violating the Fair Housing Act, and awarded Plaintiffs damages in the amount of $3,040,439.00. This Court denied the City's motion for judgment as a matter of law and motion for a new trial on the issue of liability, and conditionally denied the City's motion for new trial on the issue of damages subject to Plaintiffs' acceptance of a remittitur of damages of $388,146.20. Plaintiffs refused to accept the remittitur, and filed Notices of Appeal to the Ninth Circuit on May 9, 1995, May 11, 1995, and May 17, 1995. On September 5, 1995, the Ninth Circuit dismissed Plaintiffs' appeals. On May 15, 1998, Plaintiffs filed a writ of mandamus with the Ninth Circuit following this Court's order granting the City's motion for a new trial on the issue of damages, which the Ninth Circuit subsequently denied.

On July 21, 1994, Plaintiffs filed their original motion for attorneys' fees pursuant to the fee provisions of the Fair Housing Act, 42 U.S.C. § 3613, and the Attorney's Fee Act, 42 U.S.C. § 1988. This Court issued an order denying Plaintiffs' motion for fees on April 11, 1995. On January 7, 1999, Plaintiffs filed the present motion for reconsideration. Plaintiffs seek attorney's fees in the amount of $2,523,655.20. On March 16, 1999, this Court granted Plaintiffs' motion for reconsideration of its April 11, 1995 Order, and indicated that this Court would issue an order as to the amount of fees to which this Court believes Plaintiffs are entitled.

On April 20, 1999, retrial on the issue of damages commenced, and on April 27, 1999, the jury returned a verdict awarding Plaintiffs $0 compensatory damages, $0 punitive damages, and nominal damages in the amount of $1.

## DISCUSSION

### I. Standard for Reconsideration

Local Rule 7.16 provides that a party may make a motion for reconsideration of a court's decision on any of the following grounds: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise or reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Local Rule 7.16. Plaintiffs request this Court reconsider its April 11, 1995 Order in light of San Pedro Hotel Co., Inc. v. City of Los Angeles, 159 F.3d 470 (9th Cir. 1998), decided subsequent to this Court's April 11, 1995 Order.

### II. Plaintiff's Entitlement to Reasonable Attorney's Fees

#### A. Attorney's Fee Act - 42 U.S.C. § 1988

Section 1988 of Title 42 of the United States Code provides that in civil rights actions, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of costs. 42 U.S.C. § 1988; Blum v. Stenson, 465 U.S. 886, 888 (1984). Fees should be awarded to a prevailing plaintiff in a civil rights action, unless "special circumstances" render such an award unjust. Teitelbaum v. Sorenson, 648 F.2d 1248 (9th Cir. 1981); Sethy v. Alemeda County Water Dist., 602 F.2d 894 (9th Cir. 1979), cert. denied, 444 U.S. 1046 (1980).

A plaintiff may be considered a "prevailing party' for attorney's fee purposes if it succeeds on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit. Sethy, 602 F.2d at 897-98. However, the amount of attorney's fees should be based upon the work performed on the issues in which the plaintiff was successful. Id.

In cases where the plaintiff has achieved only partial or limited success, the district court, in its discretion, may reduce the award to account for the limited success. Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).

**B. Nominal Damages**

In some circumstances, even a plaintiff who formally prevails under 42 U.S.C. § 1988 should receive no attorney's fee at all. Farrar v. Hobby, 506 U.S. 103, 115 (1992). A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party. Id. A nominal damages award renders a plaintiff a prevailing party by allowing it to vindicate its absolute right to procedural due process through enforcement of a judgment against the defendant; however, in a civil rights suit for damages, the awarding of nominal damages also highlights the plaintiff's failure to prove actual, compensable injury. Id. When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all. Id.; Romberg v. Nichols, 48 F.3d 453 (9th Cir. 1994)(denial of attorney fee affirmed where the plaintiffs, as prevailing party, failed to identify any nonmonetary successes resulting from their litigation effort against sheriffs department or individual deputies).

Where the relief sought and obtained is limited to money, the terms "extent of success" and "level of success" are euphemistic ways of referring to money. McGinnis v. Kentucky Fried Chicken of California, 51 F.3d 805, 810 (9th Cir. 1994). Thus, the district court must reduce the attorney's fee award so that it is commensurate with the extent of the plaintiff's success. Id. A failure to obtain a judgment awarding actual damages is a strong indication of a low degree of success. Wilcox v. City of Reno, 42 F.3d 550 (9th Cir. 1994). If a district court chooses to award fees after a judgment for only nominal damages, it must point to some way in which the litigation succeeded, in addition to obtaining a judgment for nominal damage. Id. If the lawsuit achieved other tangible results, such as sparking a change in policy or establishing a finding of fact with potential collateral estoppel effects, such results will, in combination with an enforceable judgment for a nominal sum, support an award of fees. Id.

//

### III. Award of Attorney's Fees

Normally, a district court would calculate attorney's fees based on the lodestar method, Jordan v. Multnomah County, 815 F.2d 1258 (9th Cir. 1987), then assess whether it is necessary to adjust the calculation based on factors enumerated in Kerr v. Screen Guild Extras, Inc., 526 F.2d 67 (9th Cir. 1975). However, in Farrar v. Hobby, the Supreme Court created an exception to the general rule governing a district court's calculation of attorney's fees. Morales v. City of San Rafael, 96 F.3d 359 (9th Cir. 1996). The Supreme Court held that "nominal damages" cases in which the relief is de minimis are exempted from the general requirements that govern the calculation of attorney's fees, including the requirement that a lodestar first be calculated. Id. (citing Farrar, 506 U.S. at 115). The Farrar exception, which would allow the district court to dispense with the calculation of a lodestar and simply establish a low fee or no fee at all, is limited to cases in which the civil rights Plaintiffs "prevailed" but received only nominal damages and achieved only "technical" success. Id.

Plaintiffs' achievement of a favorable verdict on liability for Defendants' violation of the Fair Housing Act in the June, 1994 trial, renders them a prevailing party under 42 U.S.C. § 1988; however, Plaintiffs failed to obtain any nonmonetary relief apart from the verdict on liability, and only obtained nominal damages in the April, 1999 retrial. Thus, this Court finds that Plaintiffs are entitled to be compensated for a reasonable amount of time spent in obtaining a favorable verdict on the issue of liability, but concludes that based upon Plaintiffs' failure to obtain requested nonmonetary relief, and their ultimate failure to obtain compensatory or punitive damages, it is appropriate for this Court to reduce the award to account for Plaintiffs' limited success. Accordingly, this Court awards Plaintiffs reasonable attorney's fees in the amount of $57,000.00. This award of attorney's fees is based upon an hourly rate of $200.00. This Court finds that this rate is reasonable based upon market rates in the relevant legal community for similar services by lawyers of reasonably comparable skill, experience, and reputation. See Blum v. Stenson, 465 U.S. 886, 895 (1984).

### IV. Post-Judgment Interest on Attorney's Fees

Plaintiffs request that any fee award also include post-judgment interest from the date of

the verdict. Post judgment interest runs from the date that entitlement to fees is secured, rather than from the date that the exact quantity of fees is set. Friend v. Kolodzieczak, 72 F.3d 1386, 1391 (9th Cir. 1995); Perkins v. Standard Oil Co., 487 F.2d 672, 674-76 (9th Cir. 1973).

In the present case, this Court granted Plaintiffs' motion to reconsider its previous denial of attorney's fee on March 16, 1999; thus, Plaintiffs' entitlement to attorney's fee was secured on March 16, 1999. Accordingly, Plaintiffs' entitlement to interest on its award of attorney's fees runs from March 16, 1999.

## CONCLUSION

Based on the foregoing, this Court AWARDS Plaintiffs attorney's fees in the amount of $57,000.

**IT IS SO ORDERED.**

DATED: May 24, 1999

CONSUELO B. MARSHALL
United States District Judge